UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERIN FARHOOD | CIVIL ACTION |
| VERSUS | NO. 06-3859 |
| UNIVERSAL ORLANDO RESORT<br>and AIG CLAIMS SERVICES, INC. | SECTION "L" (3) |

ORDER AND REASONS

Before the Court is the Defendants' Motion to Dismiss the Plaintiff's Claims Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, or in the Alternative, Motion to Transfer Venue (Rec. Doc. No. 2). For the following reasons, the Motion to Dismiss is GRANTED without prejudice.

**I. Factual and Procedural History**

Sherin Farhood ("Plaintiff") filed a complaint against Universal City Development Partners, Ltd. ("Universal"), erroneously designated in the complaint as Universal Orlando Resort, and its insurer AIG Claims Services, Inc. ("AIG") (together, the "Defendants") on June 8, 2006 in Civil District Court for the Parish of Jefferson. The Plaintiff claims damages for personal injuries she allegedly suffered on June 10, 2005 while on a ride in the Universal Studios amusement park in Orlando, Florida. The Plaintiff contends her injuries directly resulted from Universal's negligence.

On July 21, 2006, the Defendants removed the action to this Court based on diversity jurisdiction and filed the Motion to Dismiss, or alternatively, Motion to Transfer Venue, on July 28, 2006.

**II. The Defendant's Motion to Dismiss or Alternatively, Motion to Transfer Venue**

In their Motion, the Defendants claim that Universal lacks sufficient minimum contacts with Louisiana to permit this Court to assert personal jurisdiction over it. AIG also claims that,

according to the Louisiana direct action statute, the Plaintiff's complaint fails to state a cause of action against AIG upon which relief can be granted.  Alternatively, the Defendants state that the proper venue for this cause of action is the United States District Court for the Middle District of Florida and thus the action should be transferred to that forum.  The Plaintiffs have not filed an response in opposition to the Defendant's Motion.

**III.  Applicable Law and Analysis**

  **A. Dismissal Under Rule 12(b)(2) for Lack of Personal Jurisdiction**

In order to assert jurisdiction over a non-resident defendant, a federal district court sitting in diversity must ensure that the forum state's long arm statute is properly applied.  Further, the court's exercise of personal jurisdiction over the non-resident defendant must comport with the Due Process Clause of the Fourteenth Amendment.  As the Louisiana long arm statute, La. Rev. Stat. Ann. § 13:3201(B) (West 2006), extends jurisdiction as far as permitted by due process, the test for the two is essentially the same or, in other words, they "merge into one." *Nuovo Pignone, SPA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002); *see also Luv n' Care, Ltd. v. Insta Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).  A federal district court properly ensures that due process requirements are met when it makes the following two-part determination: (i) the non-resident defendant has established "minimum contacts" with the forum state; and (ii) the assertion of personal jurisdiction over the non-resident defendant does not offend traditional notions of fair play and substantial justice.  *See Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).

Minimum contacts arise if "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).  The Court must identify some act whereby the non-resident defendant purposefully availed itself of the privilege

of conducting activities in the forum state, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). Analysis involves drawing a distinction between general and specific jurisdiction, and personal jurisdiction exists if either one is proven. *R & B Falcon Drilling (Int'l & Deepwater), Inc. v. the Noble Denton Group*, 91 Fed. Appx. 317, 320 (2004) (quoting *Burger King*, 471 U.S. at 472-73, and *Helicopteros Nacionales de Colombia, S.A, v. Hall*, 466 U.S. 408, 413-15, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984)). Specific jurisdiction exists when the non-resident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *See Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 324 (5th Cir. 1996). The non-resident defendant must purposefully direct activities at the forum state and the cause of action "results from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 472 (quoting *Helicopteros*, 466 U.S. at 414). Even a single act towards the forum state is sufficient to confer personal jurisdiction if "that act gives rise to the claim being asserted*." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc*. 9 F. 3d 415, 419 (5th Cir. 1993) (internal citations omitted). In contrast, general jurisdiction exists if the non-resident defendant's contacts with the forum state are continuous and systematic. *Helicopteros*, 466 U.S. at 414-15. "More contact is required with the forum state because the state has no direct interest in the cause of action." *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987).

If an evidentiary hearing regarding personal jurisdiction is not conducted, the party seeking to invoke personal jurisdiction bears the burden of establishing minimum contacts by the defendant sufficient for the exercise of personal jurisdiction. *Alpine View Co. Ltd. V. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). The party's uncontroverted allegations are accepted as true and any conflicts in affidavits and other documentation must be construed in the party's favor. *Id*. at 215.

Specific jurisdiction is not at issue in this case after review of the relationship between the defendant, the forum and the litigation. *See Helicopteros*, 466 U.S. at 1872 (citing *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977) and factors court must examine when determining existence of specific jurisdiction). The accident at issue and Universal's alleged negligence occurred in Florida and thus, the Plaintiff's claim arises out of or relates to actions or conduct within that forum state.

The Court also finds that general jurisdiction does not exist in this case. According to the affidavit submitted by Universal's President of Legal Affairs, (i) Universal is a Florida limited partnership; (ii) it does not have any offices, employees, bank accounts, immovable property, telephone listings or registered agents for service of process in Louisiana; (iii) it is not qualified nor registered to do business in Louisiana; and (iv) it has never incurred or paid taxes in Louisiana. As the Plaintiff failed to file a response to the Defendants' statements, the Court accepts these statements as uncontroverted and holds that the Plaintiff has not met her burden of showing that minimum contacts exist by way of systematic and continuous contacts.

## B. Dismissal Under 12(b)(6) for Failure to State a Claim

When considering a motion to dismiss under Rule 12(b)(6), a district court should construe the complaint liberally in favor of the plaintiff, assuming all factual allegations to be true. *See Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999). Rule 12(b)(6) motions are viewed with disfavor and are rarely granted. *See id*. However, a complaint should be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957).

The Defendants state that the Plaintiff's claim against AIG is based upon the allegation that AIG was Universal's liability insurer on the date on which the accident is claimed to have

occurred.[1]  AIG states that the Plaintiff's asserts her claim under Louisiana's direct action statute, La. Rev. Stat. Ann. § 22:655 (West 2006), which clearly prevents the Plaintiff from maintaining a direct action against AIG under the circumstances of this case.  The Plaintiff has not disputed the Defendant's claim.

As a general rule, an injured person has no right of action against a tortfeasor's liability insurer at common law as no privity exists between the two parties.  To permit the injured person to join the insured tortfeasor and their liability insurer as defendants, states have enacted statutes enabling the injured party to proceed directly against the liability insurer.  Louisiana has such a direct action statute,  La. Rev. Stat. Ann. § 22:655.  That statute provides, in part, that "[t]he right of direct action shall exist whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana." La. Rev. Stat. Ann. § 22:655(B)(2).  The Louisiana Supreme Court has interpreted this above language, added to the direct action statute in a 1950 amendment, to mean that an injured person may bring a direct action against the insurer when (i) the insurance policy was written or delivered in Louisiana or (ii) the accident took place in Louisiana.  *Esteve v. Allstate Insurance Co.*, 351 So.2d 117, 120 (La. 1977) (citing *Webb v. Zurich Insurance Co.*, 205 So.2d 398 (1967)).

Here, the insurance policy in question was not written or delivered in Louisiana, and the accident at issue, Plaintiff's alleged injury on an amusement ride, occurred in another forum state.  The conditions of La. Rev. Stat. Ann.§ 22:655 are not met based on these facts.   Thus, the

---

[1] The Defendants state that Universal's liability insurer is actually American Home Assurance Company, an affiliate of AIG.  AIG Claims Services, Inc. is the third-party administrator that handles claims against Universal.  For purposes of this motion, it is assumed that the Plaintiff properly named Universal's liability insurer.

Plaintiff may not maintain a direct action against AIG under Louisiana's direct action statute and her claim against AIG is dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**IV. Conclusion**

Accordingly, It is ORDERED that the Defendants' Motion to Dismiss under Rule 12(b)(2) and under Rule 12(b)(6) is GRANTED. It is FURTHER ORDERED that the claims of Plaintiff Susan Farhood against Universal is DISMISSED for lack of personal jurisdiction, and the claim against AIG is also DISMISSED for failure to state a claim upon which relief can be granted, all claims being dismissed without prejudice to Plaintiff re-filing such claims in the appropriate forum.

New Orleans, Louisiana, this  24th  day of October, 2006.

_____
UNITED STATES DISTRICT JUDGE